IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANIER CLAYTON,

       Plaintiff,                             CV F 05 0396 LJO WMW P

  vs.                                     ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO AMEND

D. FULKS, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12132.   This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at High Desert State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison.

       The allegations in the complaint stem from a decision in October of 2004 to place Plaintiff in Administrative Segregation (Ad Seg).  Plaintiff alleges that he was housed there for "unknown reasons."  Plaintiff alleges that the disciplinary report that resulted in his placement in Ad Seg indicated that "you cannot be housed on a dorm setting due to mental condition."  Plaintiff alleges that he was not posing any danger to other inmates or staff.

1

In November of 2004, Plaintiff appeared before the Ad Seg Unit Classification Committee "and was removed to Correctional Treatment Center (CTC) because 'S' began to exhibit unusual behavior and was subsequently escorted to the clinic for a mental health evaluation." Plaintiff was admitted as a "mental health crisis bed inmate."

On December 20, 2004, Plaintiff was placed on "paper tray status" for refusing to relinquish his food tray. Plaintiff alleges that he did not refuse to relinquish his food tray on that day, or any other day. Plaintiff also contests the validity of a disciplinary violation for refusing another inmate. Plaintiff alleges that his record indicates that his "inability to cope with other inmates" is well documented. Plaintiff seeks to be returned to single cell status and to have the disciplinary charge set aside.

Plaintiff brings this action pursuant to the Americans With Disabilities Act. To set forth an Americans With Disabilities Act claim, plaintiff bears the burden of establishing that he was excluded from participating in the jail's programs or activities "be reason of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); see also Memmer v. Marin County Courts, 169 F.3d 630, 633 (9th Cir. 1999). However, in his complaint plaintiff makes no claim that he was excluded from participating in the jail's programs or activities by reason of his disability. Plaintiff contends that his disability was the motivating factor in placing him in Ad Seg and taking him off single cell status. The allegations of the complaint, however, indicate that Plaintiff was charged with disciplinary infractions that resulted in his housing situation. There are no provisions in the ADA for challenging classification or custody levels. The complaint must therefore be dismissed. The court will, however, grant Plaintiff leave to file an amended complaint.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    March 9, 2007                   /s/  William M. Wunderlich
mmkd34                                    UNITED STATES MAGISTRATE JUDGE

3